IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FRANK GAUS, III, and KRISTI GAUS,**
**His Wife,**

    **Plaintiffs,**

**v.**                                                        **Civil Action Nos. 1:18-CV-160**
                                                                                    **c/w 1:19-CV-14**
                                                                                     **(Judge Kleeh)**

**THE UNITED STATES OF AMERICA,**
**VERTEX NON-PROFIT HOLDINGS, INC., a Corporation,**
**KPN ARCHITECTS, LLC, a Limited Liability Company,**
**MARCH-WESTIN COMPANY, INC., a Corporation,**
**EYP MISSION CRITICAL FACILITIES, INC., a Corporation,**
**EXP U.S. SERVICES, INC., a Corporation,**
**CBRE GROUP, INC., a Corporation, and**
**McDONOUGH BOLYARD PECK, INC., a Corporation,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND**
**DENYING IN PART THIRD PARTY MOTION TO DISMISS [ECF NO. 133]**

Pending before the Court is *Third-Party Defendant Tri-County Electric Company's Motion to Dismiss* [ECF No. 133]. For the reasons discussed herein, the Court grants in part and denies in part the Motion.

    **I.**    **PROCEDURAL HISTORY**

On August 20, 2018, the Plaintiffs, Frank and Kristi Gaus ("Plaintiffs"), filed this action against a number of defendants, including Vertex Non-Profit Holdings, Inc.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART THIRD PARTY MOTION TO DISMISS [ECF NO. 133]**

("Vertex"). Plaintiffs filed an Amended Complaint on March 28, 2019, modifying Paragraph 11, after being advised of the proper name of Defendant EXP US Services, Inc. ECF No. 106.[1]

By order dated April 25, 2019, this case was consolidated with Civil Action No. 1:19-CV-14, which had been transferred to this Court from the Western District of Pennsylvania. ECF No. 116. On May 15, 2019, Vertex filed a Third Party Complaint against Tri-County Electric Company ("Tri-County"), Square-D Company ("Square-D"), and Schneider Electric USA ("Schneider") (together, "Third Party Defendants"). ECF No. 122. On June 4, 2019, Tri-County moved to dismiss the Third Party Complaint in its entirety. ECF No. 133. The Motion is ripe for consideration.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

---

[1] The Amended Complaint was amended yet again on January 15, 2020, by Agreed Order. ECF No. 206. The Court substituted the United States of America for the General Services Administration ("GSA") and the National Oceanic and Atmospheric Administration ("NOAA") as a defendant.

A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

### III. **FACTUAL BACKGROUND**

#### **Complaint**

On May 7, 2015, Frank Gaus ("Mr. Gaus") sustained an electrical shock while performing electrical maintenance testing at the NOAA Supercomputing Center located at the Robert H. Mollohan Research Center in Fairmont, West Virginia (the "Supercomputing Center"). Compl., ECF No. 1, at ¶ 15. As part of Mr. Gaus's services, he consulted certain drawings. Id. ¶ 16. Mr. Gaus relied upon these drawings to be aware of the locations of various surge arrestors and avoid receiving electrical

shocks. Id. According to the Complaint, the drawings indicated that the surge arrestors were located on the "load" side of the main breakers, but they were actually located on the "line" side. Id. ¶¶ 18, 19. Relying on the drawings, Mr. Gaus tried to locate a voltage verification test point and received a "severe electrical shock and suffered arc flash burns." Id. ¶ 23.

Plaintiffs' Complaint argues that the United States had entered into a lease with Vertex, pursuant to which "Vertex was invested with full, joint or partial authority relative to the construction and/or retrofitting" of the Supercomputing Center. Id. ¶¶ 28, 52. Plaintiffs believe that Vertex participated in choosing the general contractor, architect, and other professionals involved in construction of the facility and planning for the construction. Id. ¶¶ 53, 54. Plaintiffs allege that the defective drawings were prepared by KPN Architects, LLC ("KPN") and/or March-Westin Company, Inc. ("March-Westin") and were — or should have been — examined by the United States and Vertex. Id. ¶ 17.

Specifically, Plaintiffs argue that Vertex was negligent in the following ways:

>   (a) In failing to properly review the aforesaid plans and the actual placement of surge arrestors to discover that the surge arrestors were either improperly placed in the

> electrical system or that they were improperly located on the drawings;
>
> (b) In failing to inspect or require that the electrical drawings were inspected before the electrical system was installed;
>
> (c) In failing to inspect or require the inspection of the electrical system as it was being installed to verify that the installation was being done properly;
>
> (d) In failing to inspect or require the inspection of the electrical system as it was being installed to verify that the actual installation was as shown on the drawings; and
>
> (e) In failing to have in place and/or to follow recognized and well-known protocols for the inspection and installation of electrical systems to verify that the installation was done properly and that the electrical drawings for the electrical system properly showed the correct installation of the system.

Id. ¶ 56.

### Third-Party Complaint

The Court assumes that the facts stated in the Third Party Complaint are true. Tri-County entered into a contract with Vertex "to provide all electrical services including but not limited to planning, engineering, installing, diagramming, programming, testing, maintaining etc. during the construction of the NOAA Environmental Security Computing Center in Fairmont,

5

WV." Third Party Compl., ECF No. 122, at ¶ 4. Paragraph 11 of this contract provides:

> (11) Subcontractors. The Contractor shall obtain and maintain privity of contract with all subcontractors and shall hold harmless and indemnify Owner from all claims, demands or judgments arising out of or related to Subcontractor's activities and work.

Id. ¶ 5; Ex. A, ECF No. 122-1.

Vertex states that Tri-County "contracted, consulted, hired, retained, Square-D Company and/or Schneider Electric USA to assist Tri-County with planning, engineering, installing, diagramming, programming, testing, maintaining etc. all electrical services during the construction of the NOAA Environmental Security Computing Center in Fairmont, WV." Id. ¶ 6. For these reasons, Vertex brings one count of Contribution and/or Indemnification against Tri-County in the Third Party Complaint.

## IV. DISCUSSION

### A. Parties' Arguments

Tri-County argues, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the Third Party Complaint should be dismissed because Tri-County's contract with Vertex includes a valid and mandatory forum selection clause, requiring all litigation between the parties to be brought in the Circuit

6

Court of Marion County, West Virginia. In the alternative, Tri-County argues that Vertex's claims for sole liability should be dismissed because, pursuant to Federal Rule of Civil Procedure 14 and applicable case law, it is not proper to join a third party because it might be solely liable to the plaintiff.

In its Response, Vertex argues that its Third Party Complaint is proper for a number of reasons. It argues that it did not choose the venue — Plaintiffs did. Vertex believes that judicial economy requires the cases to be litigated in a single action, and that even if the Court were to decide that the forum selection clause is valid, the Court should exercise ancillary jurisdiction. Finally, Vertex argues that enforcement of the forum selection clause contravenes public policy.

    **B.**    **Governing Law**

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The purpose of Rule 14 is to avoid unnecessary "multiplicity of actions." Old Republic Nat. Title Ins. Co. v. Warner, No. 1:10-CV-00071, 2011 WL 1327249, at *7 (N.D.W. Va. Apr. 6, 2011) (citing Baltimore & O.R. Co. v. Saunders, 159 F.2d 481, 484 (4th Cir. 1947)).

### 1. Forum Selection Clause

The Court agrees with Tri-County that 28 U.S.C. §§ 1404 or 1406 and Rule 12(b)(3) are not proper mechanisms to enforce a forum selection when venue is otherwise proper or the selected forum is not in federal court. See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49 (2013). Here, venue is proper and Tri-County seeks to litigate this action in state court. Therefore, Tri-County has properly used Rule 12(b)(6) as its avenue for dismissal.

The Fourth Circuit has provided the following guidance on forum selection clauses:

> As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive. See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650-51 (4th Cir. 2010). A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere. Id. A permissive forum selection clause does not justify dismissal on the grounds that the plaintiff filed suit in a forum other than the one specified in the clause. See, e.g., Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016).

BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin._,_ 884 F.3d 463, 470 (4th Cir. 2018).

Unless a forum selection clause contains "specific language of exclusion," the Court should find it to be permissive and conferring jurisdiction in one forum, rather than excluding other jurisdiction. Id. (citing Albemarle Corp., 628 F.3d at 651) (internal citations omitted). Forum selection clauses should not be found to be mandatory unless they describe a particular forum as the "sole" or "only" or "exclusive" forum. Id. at 472.

Here, the forum selection clause between Vertex and Tri-County states the following:

> In the event of a dispute between the Owner, Contractor and/or Architect, neither mediation nor arbitration shall be either required or binding. The parties may, but are not required to, agree to enter mediation or non-binding arbitration in order to settle a dispute or claim or may seek remedy according to litigation or any lawful method. Any claim, demand or litigation subject to this Agreement shall be interpreted according to the laws of West Virginia and brought in the Circuit Court of Marion County, West Virginia. The terms and conditions of this provision shall modify and prevail over any other, related dispute resolution clauses in this Agreement.

See Contract, ECF No. 122-1, at Art. 6, § 2.

Tri-County argues that the "shall be" language makes the clause mandatory and thus argues that the appropriate forum is the Circuit Court of Marion County. However, as discussed above, Fourth Circuit precedent requires more explicit, exclusive language to transform the contractual provision from a mere conference of jurisdiction to one of sole jurisdiction barring litigation in any venue not specifically listed. The referenced clause does not use any of the **magic words** referenced in BAE, such as "exclusive," "sole," or "only." Thus, the Court finds that it is permissive. Further, Vertex did not choose this forum; this Court already had jurisdiction over the original complaint. For those reasons, the Court denies Tri-County's Motion to Dismiss as it pertains to application of the forum selection clause.

### 2. Sole Liability

The United States District Court for the Southern District of West Virginia provided the following persuasive analysis about the types of claims that can be brought by a third party plaintiff:

> A third-party complaint filed pursuant to Rule 14(a) must be based upon a theory of derivative or secondary liability. . . . "In other words, a third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.' Such a claim is viable

> only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'"

See Old Republic Nat'l Title Ins. Co. v. Warner, No. 1:10-CV-00071, 2011 WL 1327249, at *7 (N.D.W. Va. Apr. 6, 2011) (citing Christian v. The Bank of New York Trust Co., No. 3:09-0770, 2010 WL 2465478, at *2 (S.D.W. Va. June 14, 2010) (internal citations omitted)).

Based on the subcontracting provision in Vertex's contract with Tri-County, Vertex may file a Third Party Complaint in order to argue that Tri-County is liable to Vertex for any injuries or damages for which Vertex may be found liable. Vertex may not, however, file a third party complaint on the basis that Tri-County is directly liable to Plaintiffs. For that reason, Paragraph 8 of the Third Party Complaint, which states that Third Party Defendants are "alone liable to the Plaintiffs for any alleged injuries and damages the Plaintiffs may have suffered," will be dismissed. It is not a claim for which relief can be granted under Rule 14.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Tri-County's Motion. As to Paragraph 8 of the Third Party Complaint, the Motion is **GRANTED**. Paragraph 8 of the Third Party Complaint is **DISMISSED WITH PREJUDICE**. As to the remainder of the Third Party Complaint, the Motion is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 16, 2020

                                        /s/ Thomas S. Kleeh
                                        _____
                                        THOMAS S. KLEEH
                                        UNITED STATES DISTRICT JUDGE