IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANK GAUS, III and KRISTI GAUS,

        Plaintiffs,

v.                                          Civil Action Nos. 1:18-CV-160
                                          c/w 1:19-CV-14
                                        (Judge Kleeh)

VERTEX NON-PROFIT HOLDINGS, INC., and
EYP MISSION CRITICAL FACILITIES, INC.,

        Defendants,

and

VERTEX NON-PROFIT HOLDINGS, INC.,

        Third-Party Plaintiff.

## MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT

Pending before the Court is *Defendant / Third-Party Plaintiff, Vertex Non-Profit Holdings, Inc.'s, Motion for Summary Judgment.* ECF No. 342.[1] Plaintiffs Frank Gaus, III and Kristi Gaus filed their *Response to Motion for Summary Judgment Filed by Vertex Non-Profit Holdings, Inc.* ECF No. 361. The Court, having heard argument on the motion on October 7, 2022, finds the motion is fully briefed and ripe for review. For the reasons that follow, the Court **GRANTS** the motion for summary judgment. ECF No. 342.

---

[1] Unless noted otherwise, the citations to the record refer to docket numbers in the lead action, 1:18cv160.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

## I.   PROCEDURAL BACKGROUND

These actions – 1:19cv14 and 1:18cv160 - remain consolidated, with 1:18cv160 designated as the lead case. Plaintiffs Frank Gaus, III and Kristi Gaus initiated this civil action in April 2017 against the defendants. ECF No. 1, 1:19cv14. Plaintiffs filed the Amended Complaint on March 28, 2019, which is the operative charging document in these matters. ECF No. 106, 1:18cv160.

Plaintiffs Frank Gaus, III and Kristi Gaus, Defendant EYP Mission Critical Facilities, Inc., and Defendant Vertex Non-Profit Holdings, Inc., are the remaining parties to this action. On October 17, 2022, all of Plaintiffs' claims were settled against KPN Architects, LLC, March-Westin Company, Inc., Tri-County Electric Company, and Square-D Company/Schneider Electric USA. ECF No. 474. The Court granted McDonough, Bolyard, Peck, Inc.'s Motion for Summary Judgment, which likewise dismissed Plaintiffs' action against it. ECF No. 471. The Court also granted Plaintiffs' Unopposed Motion to Dismiss EXP US Services, Inc., and CBRE Group, Inc. ECF No. 473.

## II.   FACTS

This is a simple negligence action resulting from alleged serious injuries suffered by Plaintiff Frank Gaus, III. On or about May 7, 2015, Mr. Gaus was employed by High Voltage Maintenance

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Company ("HVM") as an electrician. ECF No. 1, Compl., ¶ 14.[2] He was dispatched to do electrical maintenance testing and diagnoses to the electrical system at the NOAA Supercomputing Center located in Fairmont, West Virginia. Id. ¶ 15. Before doing so, Mr. Gaus reviewed drawings of the electrical system. Id. ¶ 16. The drawings showed that the surge arrestors were on the "load" side of the main breakers, which meant that he could safely locate a voltage testing point within the MV-1 switchgear. Unknown to him, they were actually located on the "line" side, which made maintenance testing a hazard. Id. ¶¶ 18-19.

In reliance on these drawings – the drawings that located the voltage testing point on the "load" side - Mr. Gaus attempted to locate a voltage verification testing point, and he received a severe electrical shock and suffered arc flash burns. Id. ¶ 23. He alleges the drawings were prepared by KPN and/or March-Westin and examined by GSA, NOAA, and Vertex. Id. ¶¶ 16-17. Plaintiffs believe EYP designed the electrical facility and reviewed the drawings. Id. ¶¶ 66-67. Plaintiffs further believe EXP was an engineering consultant for GSA and NOAA and reviewed the drawings as well. Id.

---

[2] The Amended Complaint [ECF No. 106] re-averred all allegations made in the original Complaint [ECF No. 1] but changed paragraph 10 to properly name EXP US Services, Inc., as a defendant. All citations made are to the original Complaint at ECF No. 1.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

¶¶ 71-72. Plaintiffs allege CBRE was engaged to oversee the work and comment upon the electrical system and that it also reviewed the electrical drawings. Id. ¶¶ 75-76.

Plaintiffs allege the following injuries, all of which are severe and may be permanent:

(a)  Five percent total body surface burning of his face, neck, both upper extremities, and left lower extremity;
(b)  First, second, and third degree burns of the area described above;
(c)  Webbing of his extremities;
(d)  Extreme disfigurement and scarring;
(e)  Infection and abscesses;
(f)  MERSA;
(g)  Post-Traumatic Stress Disorder;
(h)  Painful surgeries;
(i)  Painful and restrictive compression garments; and
(j)  Severe pain.

Id. ¶ 24. Plaintiffs seek the following damages due to Mr. Gaus's injuries:

(a)  Pain, anguish, scarring, disfigurement, and embarrassment;
(b)  Loss of use of his hand;
(c)  Medical, hospital, therapy, and drug expenses for his diagnoses, treatment, care, and recovery; and
(d)  Loss of earnings and permanent loss of earning capacity.

Id. ¶ 25.

Mrs. Gaus claims she has suffered loss of consortium and incurred medical and therapy bills due to her husband's injuries.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Therefore, Plaintiffs seek damages, jointly and severally, a sum
in excess of $750,000.00.

It is undisputed that Mr. Gaus did not conduct voltage testing
to confirm the material was de-energized in the MV-1 switchgear,
nor was he wearing gloves or a face shield as appropriate personal
protective equipment ("PPE"). ECF No. 342, Ex. 1, Frank Gaus Tr.
88:1-5, 113:1-8. The arc flash rating for the MV-1 switchgear was
between one and two calories per centimeter squared. Id. 62:15-
20. Such an arc flash rating requires a person to wear a Salisbury
orange face shield and class 2 gloves for adequate self-protection.
Id. 62:21-25.

It is undisputed that the business logos of KPN, Vertex,
March-Westin and EYP all appeared on the drawings at issue. ECF
No. 345-4, Ex. F, Ingerson Dep. 14:16-25. A document preparation
date of June 10, 2012 also appeared on it. EYP, as the electrical
engineer for the data center space, "might have generated this
drawing . . . but none of [the] other parties would have generated
this drawing." Id. 14:2-25.

Vertex is the building owner, having been contracted by GSA
by lease. ECF No. 1, Compl., ¶¶ 15, 51. "The Plaintiffs . . . aver
that Vertex was invested with full, joint or partial authority
relative to the construction and/or retrofitting of the facility"

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

and with the "choice of an architect and other professionals to prepare and to review plans for the construction of the facility." Id. ¶¶ 52, 54. Plaintiffs allege negligence against Vertex based upon their belief that Vertex "either received and reviewed the electrical plans . . . or if it did not, it should have obtained and reviewed them." Id. ¶ 55.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986).

This Court has previously summarized the burden imposed on

parties opposing a summary judgment challenge.

> However, as the United States Supreme Court
> noted in Anderson, "Rule 56(e) itself provides
> that a party opposing a properly supported
> motion for summary judgment may not rest upon
> the mere allegations or denials of his
> pleading, but must set forth specific facts
> showing that there is a genuine issue for
> trial." Id. at 256. "The inquiry performed is
> the threshold inquiry of determining whether
> there is the need for a trial-whether, in
> other words, there are any genuine factual
> issues that properly can be resolved only by
> a finder of fact because they may reasonably
> be resolved in favor of either party." Id. at
> 250; see also Charbonnages de France v. Smith,
> 597 F.2d 406, 414 (4th Cir. 1979) (Summary
> judgment "should be granted only in those
> cases where it is perfectly clear that no
> issue of fact is involved and inquiry into the
> facts is not desirable to clarify the
> application of the law." (citing Stevens v.
> Howard D. Johnson Co., 181 F.2d 390, 394 (4th
> Cir. 1950)).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017

WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court

views the evidence in the light most favorable to Plaintiffs, the

non-moving party, and draws any reasonable inferences in

Plaintiffs' favor. Fed. R. Civ. P. 56(a); Henry v. Purnell, 652

F.3d 524, 531 (4th Cir. 2011) (en banc).

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

### IV.   DISCUSSION

Vertex moves for summary judgment on Plaintiffs' claims against it arguing Plaintiffs have failed to show Vertex owed a duty "to participate in the electrical drawing or construction process." ECF No. 342-1 at 8. While Plaintiff argues Vertex hired EYP to prepare the electrical drawings, "[n]either Vertex nor any employee thereof had the technical training or experience to prepare or review electrical drawings or complete the installation of medium voltage switchgear." ECF No. 342-1 at 10. Plaintiff alleges Vertex proximately caused Mr. Gaus's injuries in failing to review and inspect the plans and drawings. ECF No. 1, Compl. ¶ 56. Vertex argues its motion under the independent contractor doctrine.

### A. Applicable Law

#### 1. Negligence

To succeed in a claim for negligence, a plaintiff must prove, by a preponderance of the evidence, that the defendant owed him a duty, the defendant breached the duty owed, and the negligent breach was the proximate cause of his injury. Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016). "No action for negligence will lie without a duty broken." Syl. Pt. 1, in part, Parsley v. General Motors Acceptance Corp., 280 S.E.2d 703 (W. Va.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

1981).  Importantly, "[t]he determination of whether a defendant

. . . owes a duty to the plaintiff is not a factual question for

the jury; rather the determination . . . must be rendered by the

court as a matter of law."  Syl. Pt. 5, Eastern Steel Constructors,

Inc. v. City of Salem, 549 S.E.2d 266, 267-68 (W. Va. 2001)

(citation omitted).

Proximate cause is essential to the claim and "is the last

negligent act contributing to the injury[,] [] without which the

injury would not have occurred." Syl. Pt. 5, Hartley v. Crede, 82

S.E.2d 672 (W. Va. 1954), overruled on other grounds, State v.

Kapa, 311 S.E.2d 412 (W. Va. 1983). "In other words, proximate

cause must be understood to be that cause which in actual sequence,

unbroken by any independent cause, produced the wrong complained

of, without which the wrong would not have occurred." Spencer v.

McClure, 618 S.E.2d 451, 455 (W. Va. 2005) (internal quotations

omitted).

### 2. Independent Contractor Doctrine

> An owner who engages an independent contractor
> to perform a job for him or her may retain
> broad general power of supervision and control
> as to the results of the work so as to insure
> satisfactory performance of the contract -
> including the right to inspect, to stop the
> work, to make suggestions or recommendations
> as to the details of the work, or to prescribe
> alterations or deviations in the work -

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

> without changing the relationship from that of
> owner and independent contractor, or changing
> the duties arising from that relationship.

Syl. Pt. 4, Shaffer v. Acme Limestone Co., 524 S.E.2d 688 (W. Va. 1999). An employer who hires an independent contractor does not become liable for its negligence even though the employer "retain[ed] broad general power of supervision and control . . . including the right to inspect, to stop the work, to make suggestions or recommendations as to the details of the work, or to prescribe alterations or deviations." Id. at 696. "One who would defend against tort liability by contending that the injuries were inflicted by an independent contractor has the burden of establishing that he neither controlled nor had the right to control the work . . . ." Syl. Pt. 1, Sanders v. Georgia-Pacific Corp., 225 S.E.2d 218 (W. Va. 1976).[3]

---

[3] The Sanders court also discussed the "reasonably safe place to work" duty when an invitee, such as an independent contractor, was on an owner's premises. Syl. Pt. 2, Sanders. Mallet v. Pickens abolished this rule:

> The common law distinction between licensees
> and invitees is hereby abolished; landowners
> or possessors now owe any non-trespassing
> entrant a duty of reasonable care under the
> circumstances. We retain our traditional rule
> with regard to a trespasser, that being that
> a landowner or possessor need only refrain
> from willful or wanton injury.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

### B. Legal Analysis

**1. Plaintiffs have failed to show Vertex owed a duty; therefore, Vertex's Motion for Summary Judgment is granted.[4]**

The plaintiffs argue the following with no citation to legal

authority:

> The gravamen of the Plaintiffs' complaint
> against Vertex is that it either prepared the
> drawings incorrectly, or even if it did not
> prepare them, by allowing its logo to appear
> on them, it was verifying to anyone who would
> use the drawing that it was an accurate
> representation of the actual installation.

ECF No. 361 at 14. Plaintiffs have failed to establish, by a

preponderance of the evidence, that Vertex owed a duty. Instead,

again with no legal support, Plaintiffs attempt to attach strict

liability to Vertex because it allegedly allowed its business logo

to appear on the electrical drawings. While Vertex's logo appears

on the system drawing, the appearance of the logo does not by

itself impute liability to Vertex in this case.

-----

Syl. Pt. 4, <u>Mallet v. Pickens</u>, 522 S.E.2d 436 (W. Va. 1999). The
Court still finds no existence of duty here based on Plaintiffs'
failure to provide either legal authority or factual evidence
establishing one.

[4] Because Vertex's Motion is granted on this ground, the Court does
not discuss whether Mr. Gaus's negligence, if any, constituted an
intervening, superseding, cause to his injuries.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Here, the evidence establishes that Vertex did not exercise sufficient control to make it liable for the negligence of its independent contractors. Indeed, Vertex's defense is that it, as the building owner, "hired independent contractors and relied upon their expertise in the design and construction of the NOAA Facility Project [and] did not actively participate, manage, or control the actions of these entities." ECF No. 342-1 at 10. Vertex disclaims any control - and therefore any duty owed to Plaintiffs - over the NOAA Facility Project and training or experience to review electrical drawings or complete the installation of the MV-1 switchgear. Plaintiffs offer no competent evidence to rebut this, and their blanket allegations in the record fail under a Rule 56 standard. A party that fails to sufficiently show or establish the existence of an essential element of a claim he or she would bear the burden of proof at trial has failed to demonstrate a genuine issue of material fact requiring the finder of fact to resolve. See Celotex, 477 U.S. at 322.  The Court cannot find Plaintiffs established their prima facie case of negligence, specifically demonstrating existence of a duty, against Vertex by virtue of its logo placement on the system drawings, or that Vertex owed a duty to review the drawing because it was the building owner; therefore, Vertex is entitled to summary judgment on the negligence claim.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Mrs. Gaus's loss of consortium claim, being derivative of and dependent on Plaintiffs' negligence claim, also fails as a matter of law. See State ex rel. Small v. Clawges, 745 S.E.2d 192, 201 (W. Va. 2013).

### V.   CONCLUSION

Finding there exists no genuine dispute as to any material fact and Vertex is entitled to judgment as a matter of law, the Court **GRANTS** the motion for summary judgment [ECF No. 342] and **DISMISSES WITH PREJUDICE** Plaintiffs' action against Defendant / Third-Party Plaintiff Vertex Non-Profit Holdings, Inc.

Vertex Non-Profit Holdings, Inc., and its pending motions, are hereby **TERMINATED** from this action. Pursuant to Federal Rule of Civil Procedure 54(b), and finding no just reason for a delay of the appeal of this Order, the Court **DIRECTS** entry of a final judgment in favor of Vertex Non-Profit Holdings, Inc.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record. The Clerk is further directed to enter a separate order of judgment consistent with this Memorandum Opinion and Order.

**MEMORANDUM OPINION AND ORDER GRANTING VERTEX NON-PROFIT
HOLDINGS, INC.'S, MOTION FOR SUMMARY JUDGMENT**

**DATED:** March 9, 2023

_Tom S Kleeh_

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

14