IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANK GAUS, III and KRISTI GAUS,

      Plaintiffs,

v.                               Civil Action Nos. 1:18-CV-160
                                       c/w 1:19-CV-14
                                        (Judge Kleeh)

EYP MISSION CRITICAL FACILITIES, INC.

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL
FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is *Defendant EYP Mission Critical Facilities, Inc.'s Motion for Summary Judgment.* ECF No. 346.[1] Plaintiffs Frank Gaus, III and Kristi Gaus filed *Response to Motion for Summary Judgment Filed by Mission Critical Facilities, Inc.* ECF No. 360. The Court, having heard argument on the motion on October 7, 2022, finds the motion is fully briefed and ripe for review. For the reasons that follow, the Court **GRANTS** the motion. ECF No. 346.

## I.    PROCEDURAL BACKGROUND

These actions – 1:19cv14 and 1:18cv160 - remain consolidated, with 1:18cv160 designated as the lead case. Plaintiffs Frank Gaus, III and Kristi Gaus initiated this action in April 2017 against

---

[1] Unless noted otherwise, the citations to the record refer to docket numbers in the lead action, 1:18cv160.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

the defendants. ECF No. 1, 1:19cv14. Plaintiffs filed the Amended Complaint on March 28, 2019, which is the operative pleading in these matters. ECF No. 106, 1:18cv160.

Plaintiffs Frank Gaus, III and Kristi Gaus, and Defendant EYP Mission Critical Facilities, Inc., ("EYP") remain parties to this action. On October 17, 2022, all of Plaintiffs' claims were settled against KPN Architects, LLC, March-Westin Company, Inc., Tri-County Electric Company, and Square-D Company/Schneider Electric USA. ECF No. 474. The Court granted McDonough, Bolyard, Peck, Inc.'s Motion for Summary Judgment, and Vertex Non-Profit Holdings, Inc.'s Motion for Summary Judgment, which likewise dismissed Plaintiffs' action against them. ECF Nos. 471, 477. The Court also granted Plaintiffs' Unopposed Motion to Dismiss EXP US Services, Inc., and CBRE Group, Inc. ECF No. 473.

## II.  <u>FACTS</u>

This is a simple negligence action resulting from alleged serious injuries suffered by Plaintiff Frank Gaus, III. On or about May 7, 2015, Mr. Gaus was employed by High Voltage Maintenance Company ("HVM") as an electrician. ECF No. 1, Compl., ¶ 14.[2] He

---

[2] The Amended Complaint [ECF No. 106] re-averred all allegations made in the original Complaint [ECF No. 1] but changed paragraph 10 to properly name EXP US Services, Inc., as a defendant. All citations made are to the original Complaint at ECF No. 1.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

was dispatched to do electrical maintenance testing and diagnoses to the electrical system at the NOAA Supercomputing Center located in Fairmont, West Virginia. Id. ¶ 15. Before doing so, Mr. Gaus reviewed drawings of the electrical system. Id. ¶ 16. The drawings showed that the surge arrestors were on the "load" side of the main breakers, which meant that he could safely locate a voltage testing point within the MV-1 switchgear. Unknown to him, they were actually on the "line" side, which made maintenance testing a hazard. Id. ¶¶ 18-19.

In reliance on these drawings – the drawings that located the voltage testing point on the "load" side - Mr. Gaus attempted to locate a voltage verification testing point, and he received a severe electrical shock and suffered arc flash burns. Id. ¶ 23. He alleges the drawings were prepared by KPN and/or March-Westin and examined by GSA, NOAA, and Vertex. Id. ¶¶ 16-17. Plaintiffs believe EYP designed the electrical facility, and prepared, or helped prepare, the electrical drawings. Id. ¶¶ 66-67. Specifically, Plaintiffs assert a negligence claim against EYP due to its alleged involvement, and that it proximately caused Plaintiffs' damages. Id. ¶ 68.

Plaintiffs allege the following injuries, all of which are severe and may be permanent:

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL
FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

    (a)   Five percent total body surface burning of his face, neck, both upper extremities, and left lower extremity;

    (b)   First, second, and third degree burns of the area described above;

    (c)   Webbing of his extremities;

    (d)   Extreme disfigurement and scarring;

    (e)   Infection and abscesses;

    (f)   MERSA;

    (g)   Post-Traumatic Stress Disorder;

    (h)   Painful surgeries;

    (i)   Painful and restrictive compression garments; and

    (j)   Severe pain.

Id. ¶ 24. Plaintiffs seek the following damages due to Mr. Gaus's injuries:

    (a)   Pain, anguish, scarring, disfigurement, and embarrassment;

    (b)   Loss of use of his hand;

    (c)   Medical, hospital, therapy, and drug expenses for his diagnoses, treatment, care, and recovery; and

    (d)   Loss of earnings and permanent loss of earning capacity.

Id. ¶ 25.

    Mrs. Gaus claims she has suffered loss of consortium and incurred medical and therapy bills due to her husband's injuries. Therefore, Plaintiffs seek damages, jointly and severally, a sum in excess of $750,000.00.

    It is undisputed that Mr. Gaus did not conduct voltage testing to confirm the material was de-energized in the MV-1 switchgear, nor was he wearing gloves or a face shield as appropriate personal protective equipment ("PPE"). ECF No. 342, Ex. 1, Frank Gaus Tr.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL
FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

88:1-5, 113:1-8. The arc flash rating for the MV-1 switchgear was between one and two calories per centimeter squared. Id. 62:15-20. Such an arc flash rating requires a person to wear a Salisbury orange face shield and class 2 gloves for adequate self-protection. Id. 62:21-25.

It is undisputed that the business logos of KPN, Vertex, and March-Westin appeared on the drawings at issue. ECF No. 345-4, Ex. F, Ingerson Dep. 14:16-25. A document preparation date of June 10, 2012 also appeared on it. EYP, as the electrical engineer for the data center space, "might have generated this drawing . . . but none of [the] other parties would have generated this drawing." Id. 14:2-25.

Vertex is the building owner, having been contracted by GSA by lease agreement. ECF No. 1, Compl., ¶¶ 15, 51. Vertex retained EYP by contract ("the contract") dated September 3, 2010, to provide design materials for the retrofitting of the electrical system at the NOAA facility. ECF No. 347-4, Ex. C. EYP was hired to solely construct the retrofitting, and its work was to remain its own exclusive property, not to be distributed. Id., Standard Terms and Conditions ¶ 12. The contract specifies EYP's deliverables, which include construction documents for floor plans, structural coordination and the like, but does not mention

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL
FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

electrical planning. ECF No. 347-4, Ex. C. Its work regarding shop drawings was limited to "review of Shop Drawings created by third parties [] for the purposes of general conformance to the design concept and operation of the project." Id., Standard Terms and Conditions ¶ 6. Shop drawings were contemplated to depict "pre-fabricated components like elevators, pre-cast, windows, air handling units, and millwork." Id.

 The drawing at issue is dated June 10, 2012. ECF No. 347-5, Ex. D. Although a business logo purporting to represent EYP appears on the electrical drawing, EYP disclaims any authorship of the drawing, it having been dated subsequent to EYP's completion of its work pursuant to the contract. ECF No. 347-4, Ex. C; ECF No. 347-6, Ex. E, Wilson Dep. 12:18-13:4. What's more, EYP denies ownership of the business logo pictured on the drawing at issue. Id. 11:5-12:13. The logo pictured on the drawing is EYP's name in green font in a black rectangle box. Id., ECF No. 347-5, Ex. D. EYP's logo used for this project was simple text, "EYP Mission Critical Facilities, Inc., in lower case and in a particular font and the address of [its] Chicago office. . . No box, [] no coloring. Just black text." Wilson Dep. 12:7-18.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

### III. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." <u>Id.</u> at 317–18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

This Court has previously summarized the burden imposed on parties opposing a summary judgment challenge.

> However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

> pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017 WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court views the evidence in the light most favorable to Plaintiffs, the non-moving party, and draws any reasonable inferences in Plaintiffs' favor. Fed. R. Civ. P. 56(a); Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

## IV.   DISCUSSION

EYP moves for summary judgment against Plaintiffs because Plaintiffs have failed to show EYP owed a duty Plaintiffs, or that it could have participated in the preparation of the electrical drawing because its work on the project was completed before June 2012. ECF No. 346, ¶¶ 11, 15.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

To succeed in a claim for negligence, a plaintiff must prove, by a preponderance of the evidence, that the defendant owed him a duty, the defendant breached the duty owed, and the negligent breach was the proximate cause of his injury. Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016). "No action for negligence will lie without a duty broken." Syl. Pt. 1, in part, Parsley v. General Motors Acceptance Corp., 280 S.E.2d 703 (W. Va. 1981). Importantly, "[t]he determination of whether a defendant . . . owes a duty to the plaintiff is not a factual question for the jury; rather the determination . . . must be rendered by the court as a matter of law." Syl. Pt. 5, Eastern Steel Constructors, Inc. v. City of Salem, 549 S.E.2d 266, 267-68 (W. Va. 2001) (citation omitted).

Proximate cause is essential to the claim and "is the last negligent act contributing to the injury[,] [] without which the injury would not have occurred." Syl. Pt. 5, Hartley v. Crede, 82 S.E.2d 672 (W. Va. 1954), overruled on other grounds, State v. Kapa, 311 S.E.2d 412 (W. Va. 1983). "In other words, proximate cause must be understood to be that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." Spencer v.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL
FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

McClure, 618 S.E.2d 451, 455 (W. Va. 2005) (internal quotations
omitted).

Plaintiffs have failed to show EYP owed a duty; therefore,
EYP's Motion for Summary Judgment is granted.[3]

The plaintiffs maintain that the author of the drawing that
designated the arrestors on the "load" side instead of on the
"line" side owed Mr. Gaus a duty, but never name the author.
Plaintiffs attempt to attach liability to EYP by virtue of its
logo, or a logo purporting to belong to EYP, appearing on the
drawing. Plaintiffs argue the following with no citation to legal
authority:

> The gravamen of the Plaintiffs' complaint
> against EYP is that it either prepared the
> drawings incorrectly, or even if it did not
> prepare them, by allowing its logo to appear
> on them, it was verifying to anyone who would
> use the drawing that it was an accurate
> representation of the actual installation.

ECF No. 346 at 13.

Plaintiffs have failed to establish, by a preponderance of
the evidence, that EYP owed a duty. Here, the evidence establishes
that EYP did not author the drawing dated June 10, 2012 when it

---

[3] Because EYP's Motion is granted on this ground, the Court does
not discuss whether Mr. Gaus's negligence, if any, constituted an
intervening, superseding, cause to his injuries.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL
FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

completed work on the project in 2011. Indeed, EYP's defense is
that it could not have participated in this electrical drawing,
and that the logo is not EYP's. Wilson Dep. 12:7-18. Vertex
disclaims any authorship - and therefore any duty owed to
Plaintiffs - over the review of electrical drawings or installation
of the MV-1 switchgear. Plaintiffs bring nothing to rebut this,
and their blanket allegations in the Complaint fail under a Rule
56 standard. The Court cannot find that Plaintiffs established
their prima facie case of negligence against EYP by virtue of a
logo placement on the system drawings, or that EYP owed a duty to
review the drawing dated beyond its contract expiration;
therefore, EYP is entitled to summary judgment on the negligence
claim. Mrs. Gaus's loss of consortium claim, being derivative of
and dependent on Plaintiffs' negligence claim, also fails as a
matter of law. See State ex rel. Small v. Clawges, 745 S.E.2d 192,
201 (W. Va. 2013).

## V.   CONCLUSION

Finding there exists no genuine dispute as to any material
fact and EYP is entitled to judgment as a matter of law, the Court
**GRANTS** the motion for summary judgment [ECF No. 346] and **DISMISSES
WITH PREJUDICE** Plaintiffs' action against EYP Mission Critical
Facilities, Inc.

**MEMORANDUM OPINION AND ORDER GRANTING EYP MISSION CRITICAL FACILITIES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

EYP Mission Critical Facilities, Inc., and its pending motions, are hereby **TERMINATED** from this action. Pursuant to Federal Rule of Civil Procedure 54(b), and finding no just reason for a delay of the appeal of this Order, the Court **DIRECTS** entry of a final judgment in favor of EYP Mission Critical Facilities, Inc. These cases (1:19cv14 and 1:18cv160) are hereby retired from the active docket of this Court and all pending motions are terminated.

It is so **ORDERED.**

The Clerk is further **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** March 14, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

12